UNITED STATES of America, Plaintiff—Appellee,

v.

Alonzo NUNEZ–SOTO, Defendant—Appellant.

No. 02–30388.

D.C. No. CR–99–02087–FVS.

United States Court of Appeals, Ninth Circuit.

Submitted May 19, 2003.*

Decided July 15, 2003.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Alonzo Nunez–Soto appeals the district court's amended judgment of conviction and sentence, entered after the district court granted a 28 U.S.C. § 2255 motion which allowed Nunez–Soto to appeal his 2000 guilty plea conviction and sentence for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Nunez–Soto asks this court to vacate his sentence and remand for an evidentiary hearing on the amount of controlled substance involved in the conspiracy. We have jurisdiction over

this appeal under 28 U.S.C. § 1291 and, after de novo review, we affirm.

The parties are familiar with the factual background and procedural history of this case, therefore we do not repeat them here except as necessary to explain our decision.

Nunez–Soto asserts that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred when it did not hold an evidentiary hearing on the amount of methamphetamine for which he was accountable at sentencing. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. *Apprendi* requires a jury determination of drug quantities for purposes of sentencing if the quantity is "a fact that increases the prescribed statutory maximum penalty to which a criminal defendant is exposed[.]" *United States v. Nordby*, 225 F.3d 1053, 1056 (9th Cir. 2000), *overruled in part on other grounds by United States v. Buckland*, 289 F.3d 558 (9th Cir.) (en banc) (as amended), *cert. denied*, 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

Nunez–Soto's *Apprendi* argument fails because he waived his right to a jury determination by admitting in his guilty plea the specific quantity of methamphetamine involved in the offense. *See United States v. Silva*, 247 F.3d 1051, 1059–60 (9th Cir. 2001). Nunez–Soto's plea agreement specified the amount of methamphetamine he conspired to distribute and the maximum statutory penalty for that amount. Nunez–Soto's sentence of 63 months was be-

low the statutory range to which he pleaded guilty. 21 U.S.C. § 841(b)(1)(A)(viii). Under *Silva,* Nunez–Soto cannot now claim that his sentence is inconsistent with the principle announced in *Apprendi. See Silva,* 247 F.3d at 1060.

AFFIRMED.